UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TACUM JAWANZA MWANZA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00471-KJD-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NAPHCARE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Patricia Oliver and Cornelius Hendersons' Motion to Stay Discovery in Light of the Pending Motion to Dismiss (#24), filed July 5, 2011.

**BACKGROUND**

Plaintiff is currently incarcerated at the Nevada High Desert Prison facility. On March 29, 2011, Plaintiff filed his *in forma pauperis* complaint alleging that, while he was a pre-trial detainee at the Clark County Detention Center in Las Vegas, Nevada, his constitutional rights were violated. On April 5, 2011, the Court screened the complaint and determined that Plaintiff had pled facts sufficient to support his claim that his Eight Amendment rights were violated in February of 2011.[1] *See* Order (#2) at 6:3-9. Although it allowed the complaint to proceed as to the February events, the Court noted that Plaintiff was required to determine the true identities of the unnamed defendants before they could be "served with process or made to answer his complaint." *Id*. at 6:10-13. On April 14, 2011, Plaintiff

---

[1] The Court also held that Plaintiff did not plead sufficient facts to support his claim that his Eighth Amendment rights were violated as a result of the events that occurred on or between September 25, 2010, and November 23, 2011. *See* Order (#2) at 5:24-26.

attempted to file an amended complaint naming the unnamed defendants, however, the motion was denied as moot because leave of court was not necessary. *See* Order (#6). Thereafter, Plaintiff filed an amended complaint wherein he named several previously unnamed defendants. *See* Amended Compl. (#8).

On May 23, 2011, service was accomplished on Defendants Patricia Oliver and Cornelius Henderson. *See* USM Returns (#15) and (#16). Thereafter, on June 10, 2011, Defendants Oliver and Henderson filed a motion to dismiss pursuant to Rule 12(b)(6). *See* Defs' Mot. (#18). In their motion to dismiss, Defendants assert that Plaintiff's claims must be dismissed for: (1) failure to exhaust administrative remedies as required by the prison litigation reform act, (2) failure to allege a serious medical condition or a condition that could result in further injury, (3) and failure to file the required expert affidavit pursuant to NRS 41A.071. Defendants also assert that the punitive damages claim must be dismissed claiming immunity from such damages.

On July 5, 2011, shortly after filing their motion to dismiss, Defendants filed the instant motion to stay discovery (#24). Defendants assert that a stay of discovery is warranted because: (1) there is a pending motion to dismiss, (2) they have not filed an answer so Plaintiff cannot effectively conduct discovery, and (3) discovery is not necessary to resolve the motion to dismiss. *See* Defs' Mot. (#24) at 4:6 - 5:4.

## **DISCUSSION**

As a general matter, courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a Rule 12(b)(6) motion. Ordinarily, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-6 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). The party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)). "Where a party claims that dismissal is likely, it requires the Court to make a preliminary finding of the likelihood of

success on the motion." *Id*. (citation omitted).  Here, the Court has reviewed the various arguments set forth by Defendants in support of their motion to dismiss and, without expressing a view one way or the other on the merits of the motion, finds that Defendants have met their burden to show that discovery should be stayed.

Defendants primary argument is that the complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing suit.  "The Prison Litigation Reform Act [PLRA] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio,* 557 F .3d 1117, 1119 (9th Cir.2009) (citing 42 U.S.C. § 1997e(a)).  A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock,* 549 U.S. 199, 218 (2007).  Once within the discretion of the district court, the exhaustion of administrative remedies is mandatory. *Booth v. C.O. Churner,* 532 U.S. 731 (2001).  Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter v. Nussle,* 534 U.S. 516, 524 (2002) (citing *Booth,* 532 U.S. at 739-40 n. 5).  Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth,* 532 U.S. at 741. The Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n. 6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock,* 549 U.S. 199, 216 (2007); *Wyatt v. Terhune,* 315 F.3d 1108, 1117 n. 9 (9th Cir.2003), *cert denied,* 540 U.S. 810 (2003).  However, if the affirmative defense of non-exhaustion appears on the face of the complaint, a defendant need not provide evidence showing non-exhaustion. *See Jones,* 549 U.S. at 215.  Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt,* 3154 F.3d at 1119.  "[I]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20.

It does appear as though Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Although Defendants motion to dismiss is cursory and, standing alone, would not support the

requested stay, Plaintiff concedes that he did not file a proper grievance before filing suit in this matter. *See* Pl.'s Resp. (#23) at 4-5. This apparent failure is compounded by the problem that the conduct giving rise to the complaint occurred while Defendant was in the custody of Clark County Detention Center (CCDC). He is now in the custody of the Nevada Department of Corrections at the High Desert State Prison and the CCDC grievance procedures are likely no longer available to him as CCDC is not part of the Nevada Department of Corrections. Even if grievance procedures are no longer available and the statute of limitations has not run, a plaintiff may not bring the claim directly. *See Denson v. Gillispie*, 2011 WL 1582441 (D. Nev.) (citing *Woodford v. Ngo,* 548 U.S. 81, 86–99 (2006) (reversing the Ninth Circuit's ruling that the exhaustion requirement was waived in a case where a prisoner had failed to file a grievance within fifteen days, as required by the prison grievance procedure, and later filed a lawsuit)). Accordingly,

**IT IS HEREBY ORDERED** that Defendants Patricia Oliver and Cornelius Hendersons' Motion to Stay Discovery in Light of the Pending Motion to Dismiss (#24) is **granted**.

DATED this 27th day of September, 2011.

_____
**C.W. Hoffman, JR.**
**United States Magistrate Judge**