UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TACUM JAWANZA MWANZA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00471-KJD-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NAPHCARE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Compel (#28), filed October 13, 2011.

As set forth in the recent order staying discovery in this matter (#27), Plaintiff is currently incarcerated at the Nevada High Desert Prison facility. His complaint was screened and it was determined that Plaintiff had pled facts sufficient to support his claim that his Eight Amendment rights were violated in February of 2011.[1]  *See* Order (#2) at 6:3-9. On June 10, 2011, Defendants Patricia Oliver and Cornelius Henderson filed a motion to dismiss pursuant to Rule 12(b)(6). Upon review of the motion to dismiss, the Court granted Defendants motion to stay discovery pending resolution of the motion to dismiss. *See* Order (#27).

Plaintiff has now filed what he terms as a motion to compel the court to acknowledge that it was not necessary for Plaintiff to exhaust administrative remedies under the Prisoner Litigation Reform Act because the facts giving rise to his complaint occurred while he was a pretrial detainee - not a prisoner.

---

[1] The Court also held that Plaintiff did not plead sufficient facts to support his claim that his Eighth Amendment rights were violated as a result of the events that occurred on or between September 25, 2010, and November 23, 2011. *See* Order (#2) at 5:24-26.

Broadly construing Plaintiff's motion (#28), it appears that the motion is either a request for reconsideration of the order granting the stay (#27) or a further response to Defendants' motion to dismiss (#18). To the extent the motion is a sur-reply to the motion to dismiss (#18), it is not well taken as Plaintiff must first obtain leave of court to make such a filing. To the extent the motion is a request for the Court to reconsider its order staying discovery in this matter it is equally misplaced.

While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

The only grounds upon which the Court might be inclined to reconsider its prior order granting a stay of discovery in this matter is that its prior ruling is clearly erroneous, will result in a manifest injustice, or changed circumstances exist. The Court's order regarding the stay is not clearly erroneous. The Prisoner Litigation Reform Act requires a prisoner, including a pretrial detainee, to exhaust available administrative remedies prior to filing a § 1983 claim. 42 U.S.C.1997e(a) FN1; *Booth v. Churner,* 532 U.S. 731, 740-41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Even if the prisoner believes pursuing an administrative remedy is futile, exhaustion is required. *Orbriecht v. Raemisch,* 517 F.3d 489, 492 (7th Cir. 2007) (citing *Booth,* 532 U.S. at 741 n. 6). The stay will not result in a manifest injustice as it simply stays discovery pending resolution of a motion to dismiss. Should Plaintiff's claims survive the motion to dismiss he will have the opportunity to pursue discovery. Finally, Plaintiff has not pointed to any changed circumstances which would warrant deviation from the prior determination to stay discovery in this matter until the motion to dismiss is resolved. Accordingly,

1. **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#28) is **denied**.

2. DATED this 19th day of October, 2011.

                                                          **C.W. Hoffman, JR.**
                                                        **United States Magistrate Judge**