UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TACUMA MWANZA,

    Plaintiff,

v.

NAPHCARE, INC., *et al*.,

    Defendants.

Case No. 2:11-CV-00471-KJD-CWH

**ORDER**

Before the Court is the Motion to Dismiss (#18) of Defendants Patricia Oliver ("Oliver") and Cornelius Henderson ("Henderson"). Plaintiff filed an Opposition (#23) and Defendants Oliver and Henderson (collectively "Defendants") filed a Reply (#25).

Also before the Court is Plaintiff's Motion to Amend Response to Motion to Dismiss (#30) and Defendants' Opposition to the Motion to Amend (#31).

<u>I. Background</u>

Plaintiff alleges that on February 10, 2010, five boils appeared under his right armpit where he had previously been treated for boils related to a spider bite a few months before. (Complaint at 3.) Plaintiff alleges that Oliver refused to give him pain medication and treatment and told him to submit a third medical kite for the condition. He claims that Oliver returned his medical kite on

February 15, 2011, and told him that he was required to pay an $8.00 fee to be seen by the medical professionals. (Id. at 4.) Plaintiff also alleges that on February 16, 2011 he submitted another kite requesting a yearly medical checkup. According to Plaintiff, the next day, this kite was returned by Henderson, who instructed him on how to care for his injury, but did not treat him for the condition. Plaintiff alleges that he is still suffering from the medical condition.

Plaintiff filed his original complaint on March 29, 2011 and filed an Amended Complaint (#8) on April 26, 2011. The Amended Complaint alleges violation of Plaintiff's Eighth Amendment Rights and that Defendants were deliberately indifferent and negligent when they failed to provide medical care between February 10 and February 17, 2011.

## II.  Discussion

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

Plaintiff is representing himself *pro se*. Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

B.  Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Failure to exhaust administrative remedies is an affirmative defense and the defendants bear the burden of raising and proving failure to exhaust. Jones v. Bock, 549 U.S. 199, 212-14 (2007).  Proper exhaustion requires that the plaintiff utilize all steps made available by the agency and comply with the agency's deadlines and other procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-90 (2006). Proper exhaustion must be completed before a complaint may be filed. Id. at 83-84. See Roberts v. Klein, 770 F. Supp. 2d 1102 (D. Nev. 2011). A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.2003).

Defendants argue that Plaintiff failed to comply with the applicable grievance procedure and did not exhaust his administrative remedies.  Plaintiff argues that he was unaware of the procedure articulated by Defendants and that Defendants do not offer any evidence that the procedure was in effect at the time of Plaintiff alleged injury.  Even if Plaintiff was correct that the policy came into place later, he still does not aver that he exhausted his administrative remedies under the policy which existed at the time of his injury.  The Civil Rights Complaint form used by Plaintiff to state his claims for relief specifically asks:

> 3) Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ___ Yes ___ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ___ state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other: _____. If your answer is "Yes", provide the following information. Grievance Number _____.
> Date and institution where grievance was filed_____.
> Response to grievance: _____.

3

Plaintiff wrote "N/A" across the face of this question. Plaintiff's Amended Complaint lacks any facts showing the required exhaustion of his administrative remedies. Accordingly, the facts alleged in the Amended Complaint are insufficient to sustain a cause of action and the Motion to Dismiss is granted.

### C. Motion to Amend

Fed. R. Civ. P. 15(a)(2) instructs courts to give leave to amend pleadings "when justice so requires." Plaintiff seeks to amend to his Opposition to the Motion to Dismiss by submitting additional affidavits and argument that his complaint should survive, notwithstanding his failure to plead exhaustion of his administrative remedies. Specifically, Plaintiff seeks leave to argue that he was not aware of the grievance procedure and claims that Defendants were obligated to show that he was notified of the grievance procedure.

The Ninth Circuit has never held that prison officials are obligated to show that a plaintiff was made aware of the grievance procedure prior to raising a failure to exhaust defense. To the contrary, several district courts in the Ninth Circuit have adopted the holding of other circuits that "neither a lack of awareness of available grievance procedures nor a prison's failure to inform an inmate of them excuses his failure to exhaust." Dillard v. Pierce County, 2011 WL 2530971, 3 (W.D.Wash. 2011); see also Gonzalez v. Penrod, 2009 WL 980782, *3 (C.D.Cal.2009); Albino v. Baca, 2010 WL 883856, *4. Plaintiff does not offer facts showing that he exhausted his administrative remedies in accordance with the PLRA. Amendment of the Opposition to the Motion to Dismiss would be futile because Plaintiff's argument that he was unaware of the procedure is unavailing.

//
//
//
//
//

4

III.  Conclusion

**IT IS HEREBY ORDERED THAT** the Motion to Dismiss (#18) of Defendants Patricia Oliver and Cornelius Henderson is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Amend Response to Motion to Dismiss (#30) is **DENIED**.

DATED this 2nd day of February 2012.

_____
Kent J. Dawson
United States District Judge