# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TACUMA MWANZA,

     Plaintiff,

v.

NAPHCARE, INC., *et al*.,

     Defendants.

Case No. 2:11-CV-00471-MMD-CWH

**ORDER**

Before the Court is the Motion for Disposition (#33) of Plaintiff Tacuma Mwanza.  No opposition has been filed.

Also before the Court is Plaintiff's Motion to Alter or Amend (#34).  Defendants Patricia Oliver and Cornelius Henderson ("Defendants") filed an opposition (#36).

Also before the Court is Defendants' Motion for Attorney Fees (#35).  No opposition to this motion has been filed.

I.  Background

On February 2, 2012, the Court issued an Order (#32) dismissing Defendants from this action.[1] The Court determined that Plaintiff failed to allege facts showing that he exhausted his

---

[1] Plaintiff's Motion for Disposition (#33), which requests a ruling on Defendants' Motion to Dismiss, was sent by mail on the same day the Order was entered.  However, the Motion for Disposition was not entered on the docket until February 7, 2012.  Since the Court has ruled on the motion to dismiss, the Motion for Disposition is moot.

1    administrative remedies.  The Court further determined that leave to amend was futile because

2    Plaintiff's argument that he was unaware of the procedure for filing grievances was not a legally

3    recognized excuse from the exhaustion requirement. Because the Court dismissed Plaintiff's claims

4    against Defendants without leave to amend, the Order operated as a final judgment.  See, e.g.

5    Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir.2005) (dismissal of an action

6    with prejudice, or without leave to amend, is considered a final judgment on the merits).

7    II.  Discussion

8         A.  Motion to Alter or Amend

9         A Motion for reconsideration may be brought under Fed. R. Civ. P. 60(b) if the

10   moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered

11   evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged

12   judgment; or (6) any other reason justifying relief from operation of judgment.  Backland v.

13   Barnhart, 778 F.2d 1386, 1388 (1985).  Relief under exception six requires a finding of

14   "extraordinary circumstances."  Id. citing McConnell v. MEBA Medical & Benefits Plan, 759

15   F.2d 1401, 1407 (9th Cir. 1985).

16        In his Motion to Alter or Amend, Plaintiff does not identify which of the enumerated reasons

17   for reconsideration applies, nor does he show any extraordinary circumstances give rise to relief

18   under exception six.[2]  Instead, Plaintiff merely restates his argument that he was not aware of the

19   grievance policy and that it was not available to him because he was not told about it.  As the Court

20   stated in its prior Order, Defendants were not obligated to show that Plaintiff was made aware of the

21   grievance procedure prior to raising a failure to exhaust defense. See Dillard v. Pierce County, 2011

22   WL 2530971, 3 (W.D.Wash. 2011) ("neither a lack of awareness of available grievance procedures

23   _____

24        [2] The Court notes that Plaintiff is representing himself pro se. Courts must liberally construe the pleadings of pro
     se parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary
25   civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362,
     1364 (9th Cir.1986).
26

1   nor a prison's failure to inform an inmate of them excuses his failure to exhaust."); see also Gonzalez

2   v. Penrod, 2009 WL 980782, *3 (C.D.Cal.2009) ("Plaintiff's lack of knowledge of the [grievance]

3   procedure does not mean that it does not exist or is not available."); Albino v. Baca, 2010 WL

4   883856, *4 (C.D.Cal. 2010) (same).  Since this argument was raised in opposition to the Motion to

5   Dismiss and addressed in the Court's Order, the Motion to Alter or Amend fails to state valid

6   grounds for reconsideration.  Accordingly, the Motion is denied.

7          B.  Motion for Attorney Fees

8          42 U.S.C. § 1988 allows an award of attorney fees to prevailing defendants, other than the

9   United States, in an action brought under 42 U.S.C. § 1983 when the action is groundless, without

10  foundation, frivolous, or unreasonable. Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66

11  L.Ed.2d 163 (1980).  Such awards are entirely within the Court's discretion.  See 42 U.S.C. §

12  1988(2).

13         Although the Court disposed of Plaintiff's claims against Defendants at the motion to dismiss

14  stage, the Court declines to label the action groundless, without foundation, frivolous, or

15  unreasonable.  Plaintiff is a prisoner representing himself *pro se* and an award of fees in the

16  circumstances presented here is not appropriate.

17  III.  Conclusion

18         **IT IS HEREBY ORDERED THAT** Plaintiff's Motion of Disposition (#33) is **DENIED** as

19  moot.

20         **IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Alter or Amend (#34) is

21  **DENIED**.

22  //

23  //

24  //

25

26

3

1    **IT IS FURTHER ORDERED THAT** Defendants' Motion for Attorney Fees (#35) is

2  **DENIED**.

3       DATED this 22nd day of June 2012.

4

5

6    _____

7    Kent J. Dawson
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26