UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TACUMA MWANZA,<br><br>                Plaintiff,<br><br>    v.<br><br>NAPHCARE, INC., et al.,<br><br>                Defendants. | Case No. 2:11-cv-00471-MMD-CWH<br><br>ORDER<br><br>(Plf.'s Motion for Disposition – dkt. no. 54). |

**I.    SUMMARY**

Before the Court is Plaintiff Tacuma Mwanza's Motion for Disposition.  (*See* dkt. no. 54.)

**II.   BACKGROUND**

Plaintiff, a pre-trial detainee at the Clark County Detention Center ("CCDC") in Las Vegas, Nevada, brought his Complaint against NaphCare, Inc., a private health care provider contracting with the CCDC, and various Naphcare employees for failure to provide medical treatment for several large lumps or boils under his right arm which were swollen, painful, and infected. (*See* Compl., dkt. no. 3.)  The Court screened Plaintiff's *in forma pauperis* application and ordered his Complaint filed, and further ordered the United States Marshal to serve NaphCare, Inc. and co-defendant Nurse Augustus with the Summons and Complaint. (*See* dkt. no. 2 at 7.)  Plaintiff filed an Amended Complaint naming as defendants NaphCare, Inc. and Nurses Augustus, Patricia Oliver, and Cornelius Henderson.  (*See* Amend. Compl., dkt. no. 8.)  Per the Court's Order, the

Clerk of the Court issued a summons for all of the Defendants (*see* dkt. nos. 4 and 13), but only Oliver and Henderson's were returned executed (*see* dkt. nos. 15 and 16). Thereafter, Oliver and Henderson filed a motion to dismiss Plaintiff's claims (*see* dkt. no. 18), which the Court granted (*see* dkt. no. 32).

In response to the Court's dismissal of his claims, Plaintiff moved to alter or amend the Court's order and for a "disposition" of his claims. (*See* dkt. nos. 33 and 34.) The Court denied both motions, holding that Plaintiff failed to provide any basis for reconsideration of the Court's granting of Defendants' Motion to Dismiss. (*See* dkt. no. 43.)

Plaintiff now brings a Motion for Disposition that recounts the history above and requests "disposition of his complaint pursuant to Rule 27 Fed. R. Civ. P. to pursue appropriate appellant procedures" as well as "proof of official record pursuant to Fed. R. Civ. P. Rule 41." (*See* dkt. no. 54 at 2-3.)

### III. DISCUSSION

#### A. Service of NaphCare, Inc. and Nurse Augustus

Although the Court ordered the United States Marshal to serve both NaphCare, Inc. and Nurse Augustus with the Complaint, the summons was returned unexecuted as to both of these Defendants. (*See* dkt. no. 7.) The "Remarks" section of Form USM-285 used by the Marshal to effectuate service noted the following: "Must Serve Naphcare Corporate in Birmingham, Al."[1] (*Id.*) Pursuant to the Court's Order, Plaintiff alerted the Court to this defect in service shortly thereafter in the form of a Notice of Non-Service. (*See* dkt. no. 11.)

This case proceeded without service of two Defendants, notwithstanding the Court's April 5, 2011, Order. In light of this defect, the Court orders the Clerk to re-issue

---

[1] The Court notes that service upon NaphCare, Inc. need not be made in Birmingham. According to the Nevada Secretary of State's website — the contents of which constitute public records which the Court takes judicial notice of — NaphCare maintains a registered agent, Registered Agents Legal Services, Ltd., at 112 North Curry St., Carson City, NV 89703.

a summons for these two defendants, and the United States Marshal to serve the newly issued summons and Amended Complaint upon the two Defendants.

### B. Motion for Disposition

Plaintiff's Motion attempts to seek "disposition" pursuant to Fed. R. Civ. P. 27, and for court records pursuant to Fed. R. Civ. P. 41. These requests are nonsensical, as Rule 27 governs depositions to perpetuate testimony, while Rule 41 governs dismissal of actions, both of which are irrelevant to Plaintiff's requests. It is not clear, then, what substantive relief Plaintiff seeks from the Court, particularly in light of the Court's previous Order denying his request for reconsideration. (*See* dkt. no. 43.) As the Court is left to speculate as to the nature of Plaintiff's request, the Motion must be denied.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Clerk shall re-issue summons to Defendants NaphCare, Inc. and Nurse Augustus and deliver the summons and Amended Complaint to the United States Marshal for service. Plaintiff will have twenty (20) days after receiving a copy of Form USM-285 from the United States Marshal to notify the Court if any of these two Defendants were not served.

IT IS FURTHER ORDERED that Plaintiff's Motion for Disposition (dkt. no. 54) is DENIED.

DATED THIS 11th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3