# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TACUM JAWANZA MWANZA, | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00471-APG-CWH |
| vs. | ) | **Report & Recommendation** |
| NAPHCARE, *et al.*, | ) | |
| Defendants. | ) | |

    This matter is before the Court on Defendant Naphcare, Inc.'s Motion to Quash (#74), filed September 4, 2014. By way of the motion, Defendant Naphcare requests that the Court quash the attempted service on Defendant Nurse "Augustus" because it was improperly made through Naphcare. The motion is unopposed. "The failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion." Local Rule 7-2(d). Additionally, even without an opposition, it is clear the motion is meritorious.

    It appears the motion is made pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Motions authorized by Rules 12(b)(4) and 12(b)(5) permit a defendant to challenge departures from the proper procedure for service as well as the contents of a summons. The difference between Rule 12(b)(4) and 12(b)(5) is not always clear. Objections under Rule 12(b)(4) concern the form of process rather than the manner of its service. *See* 5B Wright & Miller, *Federal Practice and Procedure*, § 1353 (3d ed. ). A Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted).

1  A Rule 12(b)(5) motion challenges the mode or method of service of the summons and complaint. *Id*.

2  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Assuming insufficiency of process or insufficiency of service of process, the Court has discretion to dismiss an action or simply quash service. *See e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976 ) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

Plaintiff has not filed an opposition to the motion and, therefore, does not contest any of the facts set forth in the motion. Plaintiff is proceeding *pro se* and his pleadings are broadly construed. Even so, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds). As noted, a motion under Rule 12(b)(4) challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. *Wasson*, 237 F.R.D. at 424. Here, it does not appear that Defendant is challenging the specific content of the summons but, rather, is challenging the method or mode of service. Thus, the issue is the sufficiency of service of process under Rule 12(b)(5).

Defendant "Augustus" is sued in her individual capacity and may be served in any manner authorized under Fed. R. Civ. P. 4(e). Under Rule 4(e), unless otherwise provided by federal law, Plaintiff may accomplish service by (1) delivering a copy of the summons and complaint to the

2

individual, (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode, or (3) serving a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Additionally, Plaintiff may accomplish service by following Nevada state law for service. The requirements for service under Nevada law, as found in Nevada Rule of Civil Procedure 4(d)(6), do not differ in material respect from the requirements in the federal rules. None of the specifically identified, acceptable methods for service of process have been followed. Plaintiff has not identified any provision under the rules permitting a party to complete service by serving an individual through his or her employer. Thus, the Court finds that Plaintiff has not met his burden to demonstrate that service of the complaint and summons on Defendant Nurse "August" through Defendant Naphcare, presumably her employer, was sufficient.

Having concluded that service was not properly made, the Court must determine whether it will exercise its discretion to quash service or recommend dismissal. This case has been ongoing for well over three years. In that time, Plaintiff has managed to serve all of the named defendants except Nurse "Augustus." The claims as against each of the served defendants have been dismissed due to, *inter alia*, Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") of 1996. *See* Orders (#32) and (#76). The PLRA provides "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Normally, the failure to exhaust is an affirmative defense and the defendants bear the burden of raising and proving any such failure. *Jones v. Brock*, 549 U.S. 199, 212-14 (2007). Though not raised in a motion due to the failure to serve, it is not plausible to find that service of the complaint would end in a different result as the allegations against the individual defendants are the same. (#8). Just as Plaintiff failed to exhaust administrative remedies in his claims against all other defendants, that failure exists as to Defendant Nurse "Augustus" as well. Thus, the undersigned finds that, rather than quashing service, it is more advisable to recommend that the claims against Defendant Nurse "Augustus" be dismissed for the same reasons previously articulated by the Court in its dismissal of the claims against the other named defendants.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Quash (#74) be **granted**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims as against Defendant Nurse "Augustus" be **dismissed** for the reasons stated herein.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 7, 2014.

**C.W. Hoffman, JR.**
**United States Magistrate Judge**